# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TRAVIS MATTHEWS, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-18-524-M
)
HENRY SCHEIN, INC., )
TY FORD, )
JAVIER LOZANO, and )
JEFF SCHOENHALS, )
)
        Defendants. )

## ORDER

Before the Court is plaintiff's Motion to Remand, filed June 25, 2018. On July 16, 2018, defendants filed their response, and on July 23, 2018, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

Plaintiff was a Field Sales Consultant with defendant Henry Schein, Inc. ("Henry Schein") from November 2006 until September 27, 2017. Defendant Jeff Schoenhals ("Schoenhals") is the Heartland Regional Sales Manager for Henry Schein and was plaintiff's direct supervisor during plaintiff's employment with Henry Schein. One of plaintiff's customer accounts was Quality Sleep Specialists. The proprietor of Quality Sleep Specialists is William Webb. Plaintiff alleges that Mr. Schoenhals informed him that Mr. Webb had alleged to Henry Schein that plaintiff was involved in opening a lab to compete with Quality Sleep Specialists. Plaintiff alleges he responded that he was not involved in opening a lab and that Mr. Schoenhals acknowledged the falsity of the allegations and informed plaintiff that Henry Schein did not take Mr. Webb's allegations seriously.

Approximately one year later, plaintiff was terminated, based primarily on the grounds that Mr. Webb continued to accuse plaintiff of opening a competing lab.

On March 23, 2018, plaintiff filed this action against defendants in the District Court for Oklahoma County, State of Oklahoma. In his Petition, plaintiff alleges the following causes of action: (1) breach of contract against Henry Schein, (2) termination in violation of Oklahoma public policy against Henry Schein, (3) tortious interference with prospective economic advantage against Henry Schein, (4) tortious interference with contract against Ty Ford ("Ford"), Javier Lozano ("Lozano"), and Schoenhals, (5) defamation against Ford, Lozano, and Schoenhals, (6) negligence against all defendants, and (7) intentional infliction of emotional distress against all defendants. On May 29, 2018, defendants removed this action to this Court, asserting that this Court has diversity jurisdiction because Schoenhals has been fraudulently joined in this case in order to defeat federal diversity jurisdiction. Plaintiff now moves to remand this action to state court, asserting that Schoenhals has not been fraudulently joined and, therefore, complete diversity of the parties does not exist.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). When a non-diverse party has been joined as a defendant, in the absence of a federal question, the removing defendant may avoid remand only by demonstrating fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The party asserting fraudulent joinder carries a heavy burden in making this showing. *Batoff*, 977 F.2d at 851; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished opinion).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute

the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotations and citations omitted). If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court. *Batoff*, 977 F.2d at 851; *Montano*, 2000 WL 525592, at *1. In determining fraudulent joinder claims, the court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the non-removing party. *Batoff*, 977 F.2d at 852; *Montano*, 2000 WL 525592, at *1.

In the case at bar, plaintiff alleges a tortious interference with contract claim against Schoenhals. Under Oklahoma law, "[a]n action for tortious interference of contract arises when one maliciously interferes in a contract between two parties inducing one of them to break the contract to the detriment of the other." *Niemeyer v. United States Fid. and Guar. Co.*, 789 P.2d 1318, 1320 (Okla. 1990). Further, Oklahoma recognizes an action for tortious interference with contract brought by a discharged at-will employee against his supervisor. *See Fulton v. People Lease Corp.*, 241 P.3d 255 (Okla. Civ. App. 2010). The Oklahoma Supreme Court has held:

> It is fundamental that an employee or agent must act in good faith and in the interest of the employer or principal. If an employee acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer we can divine no reason that the employee should be exempt from a tort claim for interference with contract.

*Martin v. Johnson*, 975 P.2d 889, 896-97 (Okla. 1998) (internal citation omitted).

Having carefully reviewed the parties' submissions and the Petition, the Court finds that there is a possibility that an Oklahoma court would find plaintiff's Petition states a cause of action for tortious interference with contract against Schoenhals. Specifically, the Court finds that there is a reasonable basis in fact and a colorable ground supporting plaintiff's tortious interference with contract claim against Schoenhals. Plaintiff has alleged that Schoenhals informed him that Henry

3

Schein did not take Mr. Webb's allegations seriously and that Schoenhals caused and/or participated in his unlawful termination by taking action based on false accusations and ignoring the truth.

Accordingly, because the Court finds there is a possibility that plaintiff could establish a tortious interference with contract claim against Schoenhals, the Court finds that Schoenhals is not fraudulently joined. Therefore, the Court GRANTS plaintiff's Motion to Remand [docket no. 8] and REMANDS this action to the District Court for Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 31st day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE